IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| GABRIEL VERGARA-GENCHI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 314-084 |
| | ) | |
| STACEY STONE, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a motion to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing any respondent to file a response to the instant petition. 28 U.S.C. § 2243. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), this petition be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies, and this civil action be **CLOSED**.

### I. BACKGROUND

Petitioner states he was arrested on June 6, 2013 in Georgia by state officials for receiving stolen property. (Doc. no. 1, p. 2.) These charges were dropped, but state officials transferred him into the custody of U.S. Immigration and Customs Enforcement ("ICE") on July

19, 2013 after discovering he was in the United States illegally after having previously been deported. (Id.) Petitioner was indicted on August 20, 2013 for illegal re-entry in violation of 8 U.S.C. §§ 1326(a) and (b)(2), and transferred into the custody of the U.S. Marshals on August 28, 2013. (Id.) Petitioner was sentenced on January 7, 2014 to eighteen months imprisonment and three years of supervised relief after he pled guilty to the single charge in the indictment. (Id. at 1, 6.) Petitioner is not due to complete his federal sentence until November 2, 2014. See http://www.bop.gov/inmateloc/ (search number "65101-019") (last visited Sept. 17, 2014).

Petitioner filed the instant action asserting the Bureau of Prisons ("BOP") has failed to credit his sentence for the time he was in ICE custody from July 19, 2013, to the date the U.S. Marshals took custody of him on August 28, 2013. (Doc. no. 1, pp. 2-3.) Petitioner asserts that if he is credited these forty days he spent in ICE detention, his new release date would be September 22, 2014. (Id. at 4.)

In terms of exhausting his administrative remedies, Petitioner states that he has used the administrative appeal process. Through the administrative grievance process, BOP credited Petitioner for the time spent in state custody prior to being transferred into the custody of ICE, and for the time spent in the custody of the U.S. Marshals prior to sentencing. (Id. at 3.) However, Petitioner continues to use the administrative grievance process in an attempt to receive credit for the time spent in ICE custody. The central office appeal he submitted on June 18, 2014 was rejected on July 21, 2014 with a notation that he had submitted the appeal to the wrong level and informing him of the correct level to which he must submit his appeal. (Id. at 4, 21.) Petitioner asserts this appeal office is incorrect and he has resubmitted his appeal to that office. (Id. at 4, 20.) This appeal remains pending, but Petitioner asks that that the Court waive

the administrative exhaustion requirement because the appeal process is lengthy and will likely not be resolved before his alleged correct release date. (Id. at 4.)

## II. DISCUSSION

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004), *cert. denied*, 541 U.S. 1036 (2004); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (noting requirement for exhausting administrative remedies with the BOP prior to seeking § 2241 relief in federal court). The Eleventh Circuit has held, unequivocally, that "[i]f, and only if, the [petitioner] has pursued his administrative remedy may he seek relief in the district court." United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991). The Eleventh Circuit has held on multiple occasions that a petitioner seeking habeas relief under § 2241 cannot obtain judicial waiver of the Eleventh Circuit's exhaustion requirement by demonstrating futility because exhaustion of administrative remedies is jurisdictional. See McGee v. Warden, FDC Miami, 487 F. App'x 516, 518 (11th Cir. 2012) ("Because [petitioner] did not exhaust his administrative remedies, the district court did not have jurisdiction to review his § 2241 petition."); Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90-91 (11th Cir. 2009) (citing Skinner, 355 F.3d at 1295); Martin v. Zenk, 244 F. App'x 974, 977 (11th Cir. 2007) (same).

Even if a futility exception were recognized for petitioners seeking relief under § 2241, it would only apply in "extraordinary circumstances," and the petitioner would bear "the burden of demonstrating the futility of administrative review." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (noting exhaustion requirement in relation to bringing § 2241 petition); Jones v. Zenk, 495 F. Supp. 2d 1289, 1297, 1299-1300 (N.D. Ga. July 6, 2007). Petitioner's assertion that the BOP is unlikely to resolve this issue before his alleged release date of September 22, 2014, is

3

insufficient to show extraordinary circumstances. See, e.g., Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (holding exhaustion required even where plaintiff's alleged release date was two years earlier and he remained incarcerated); Simeonov v. Fed. Bureau of Prisons, 510CV75/MCR/AK, 2010 WL 1507020, at *1-2 (N.D. Fla. Apr. 13, 2010) (finding no extraordinary circumstances where petitioner argued time required to exhaust administrative remedies would deprive her of full time she alleged she was entitled to serve in Residential Reentry Center).

Petitioner also cannot establish the existence of extraordinary circumstances to the extent he may be asserting that BOP is unlikely to resolve the issue in his favor because of the response to his previous appeal.[1]  See Irwin v. Hawk, 40 F.3d 347, 349 (11th Cir. 1994) (requiring exhaustion in prisoner civil rights case even when denial of claim is likely because "[l]ight[ ]ning may strike; and even if it doesn't, in denying relief the Bureau may give a statement of its reasons that is helpful to the district court in considering the merits of the claim").  Moreover, Petitioner concedes that administrative remedies are available, and he is currently pursuing them. Garcia v. Middlebrooks, No. 5:08cv165/RH/MD, 2008 WL 2775951 (N.D. Fla. July 12, 2008) (dismissing § 2241 petition challenging the BOP's computation of sentence credit where petitioner was in the process of exhausting his administrative remedies at the time he filed his petition).

In sum, Petitioner has not demonstrated that he has properly exhausted his administrative remedies or that such exhaustion would be futile, and thus, his claims are not properly before this Court. McGee, 487 F. App'x at 518; Fuller, 11 F.3d at 62.

---

[1]Indeed, Petitioner concedes that BOP has credited him for some of the six months to which he initially asserted he was entitled in the grievance process. (Doc. no. 1, pp. 3-4.)

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), this petition be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of September, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA